Eva L. PASCALL *v*. Stanley E. SMITH

77-102                                         558 S.W. 2d 150

Opinion delivered December 5, 1977
(Division I)

*R. Bynum Gibson, Jr.*, of: *Gibson & Gibson, P.A.*, for appellant.

*James Merritt* and *George N. Holmes*, of *Holmes, Holmes & Trafford*, for appellee.

DARRELL HICKMAN, Justice. Stanley E. Smith, the appellee, filed an action in the Drew County Chancery Court claiming that he had acquired title by adverse possession to certain lands as against his former wife, Eva L. Pascall, the appellant. The parties were divorced in 1965 and the decree was silent as to this particular piece of property which had been held by the parties as tenants by the entirety.

After Smith offered evidence and rested his case, Pascall demurred to the evidence and elected to stand on that demurrer, not offering any evidence to the court.

The trial court entered the following order:

The demurrer to the evidence at the close of plaintiff's proof should be and is hereby overruled and the defendant has elected to stand on said motion.

The appellant argues on appeal that the court should have sustained the demurrer to the evidence; and, that the court permitted the appellee, Stanley E. Smith — who was seventy-six years old — to testify by what amounted to leading questions.

The appellee argues that the appeal should be dismissed because the order overruling the demurrer is not an appealable order; otherwise, appellee disagrees with appellant on the two allegations of error.

It is not necessary to rule on the arguments raised on appeal by either party because the order in this case is not an appealable order. In a similar case we remanded the cause to give the attorneys an opportunity to obtain a final judgment and file a notice of appeal. *Nunez* v. *O. K. Processors,* 238 Ark. 346, 381 S.W. 2d 754 (1965). After noting that we were moving somewhat on our own to alleviate a hardship, we stated:

> . . . this opinion is intended to provide a precedent under which lawyers may supply similar deficiencies in future cases without the court's intervention. *Nunez, supra,* at 348.

Since there was no final order dismissing the complaint or terminating the action, the order was not appealable. *Coffelt* v. *Gordon,* 238 Ark. 619, 385 S.W. 2d 939 (1965); *Allred* v. *National Old Line Ins. Co.,* 245 Ark. 893, 435 S.W. 2d 104 (1968). Therefore, the appeal is dismissed without prejudice.

Dismissed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.