HAWES FIREARM COMPANY *v.*
Russell ROBERTS, Judge of the
Conway County Circuit Court

77-276                                          565 S.W. 2d 620

Opinion delivered May 22, 1978
(In Banc)

*Wright, Lindsey & Jennings,* for petitioner.

*James K. Young,* by: *Luther B. Hardin,* for respondent.

DARRELL HICKMAN, Justice. The Hawes Firearm Company, a California corporation, filed a petition for a writ of prohibition to stop the circuit judge of Conway County from proceeding further in a lawsuit against Hawes. We will deny the petition.

William Roberds sued Hawes and Gibson Products Company of Russellville alleging that Hawes manufactured a pistol which Gibson sold to Roberds. The verified complaint recited that a breach of warranty, both express and implied, caused the plaintiff to be injured.

It was alleged that Hawes was doing business in Arkansas by selling pistols to Gibson, and, therefore, subject to suit in Arkansas under our "long-arm" statute. See Ark. Stat. Ann. § 27-2502 C.1. (Supp. 1977).

Hawes filed a motion to quash service alleging it did not have sufficient contacts within the state to be sued personally in Arkansas. Neither Hawes nor Roberds offered evidence at the hearing on the motion. The trial court denied the motion to quash. Hawes argues that Roberds' failure to offer any

evidence of jurisdiction requires us to prohibit the suit. Respondent feels that there is sufficient evidence in the pleadings to support this decision; however, respondent further states that due to the fact no formal record was taken, he remains ready to have a formal hearing on the record on this jurisdictional issue.

The issue presented to us is whether Roberds could stand on his verified complaint since Hawes did not offer any evidence to support its motion to quash. The answer is yes.

It is, of course, a fundamental principle that the plaintiff has the burden of proving that a non-resident defendant has sufficient contacts with Arkansas to be sued *in personam*. See *Pennsalt Chemical Corp.* v. *Crown Cork & Seal Co., Inc.,* 244 Ark. 638, 426 S.W. 2d 417 (1968). However, the question before us is, does this burden remain with the plaintiff, or, does a non-resident defendant assume the burden when a motion is filed before trial to quash the summons because of lack of jurisdiction.

We have held that ordinarily the burden of proof is on the party who files the motion. *Williams* v. *Edmondson,* 257 Ark. 837, 520 S.W. 2d 260 (1975); *Nix* v. *Dunavant,* 249 Ark. 641, 460 S.W. 2d 762 (1970). *Nix* seems almost exactly in point with the problem before us.

In *Nix* each party presented evidence by way of affidavit. We decided on review that Dunavant's — the non-resident — affidavit did not contain sufficient facts to sustain his motion.

The petitioner, in effect, is asking us to overrule the *Nix* case. The strongest argument of the petitioner is that a non-resident defendant is put to a great deal of trouble and expense in coming to Arkansas to defend a case that ultimately may be decided was not a proper case against a non-resident defendant. We do not feel our decision denying prohibition will work an injustice.

After careful review of the arguments in this case and the law, we have decided that *Nix* is still sound. First, it places no more burden on a non-resident defendant than any resident of the state. Second, it does not mean that a plaintiff is reliev-

ed of any burden to ultimately prove that sufficient contacts exist with the state of Arkansas for a suit to be maintained against a non-resident defendant. It simply means the non-resident assumes the burden of proof when a motion to quash is filed. Third, it should be no effort for a non-resident defendant to provide proof that sufficient contacts to not exist with the state of Arkansas to justify such a suit. That is, if the non-resident feels the motion to quash is unquestionably meritorious. A non-resident defendant should either be prepared to do this, if it elects to file a motion to dismiss or quash, or simply let the lawsuit take its course and leave the burden of proof with the plaintiff. Even if the motion is incorrectly denied by the trial court, the non-resident defendant could get no interim relief because such an order is not final and cannot be appealed. See *Pascall* v. *Smith,* 262 Ark. 523, 558 S.W. 2d 150 (1977). If the motion is granted, obviously there is no prejudice. Finally, a non-resident defendant does not have to come to Arkansas if it is satisfied that there are insufficient contacts with Arkansas for suit to be maintained to satisfy the full faith and credit clause of the United States Constitution. A non-resident defendant can elect to ignore a frivolous lawsuit and defend in its resident state in the event a judgment of a court of this state is taken to the state of the non-resident defendant for registration or enforcement. See *Hanson* v. *Denckla,* 357 U.S. 235 (1958).

Our decision simply means that, as in every other instance, a non-resident defendant filing a motion to dismiss or quash has the burden of going forward and offering proof to sustain the allegations of the motion. If the motion is denied, this does not mean that the plaintiff is relieved from establishing jurisdiction; it merely means that at this point in the proceedings a prima facie case of jurisdiction sufficient to take the cause to trial has been made.

We have given this matter considerable attention because it is a difficult question and needs to be settled. We could easily have denied the petition for writ of prohibition because it is not proper in this case. It is not clear from the record that the trial court does not have jurisdiction. According to the allegations of the verified complaint, the trial court does have jurisdiction. There is no dispute as to the facts and this is not a case where prohibition is clearly

warranted. Ordinarily these conditions must exist before we will grant prohibition. *Webb* v. *Harrison, Judge,* 261 Ark. 279, 547 S.W. 2d 748 (1977). None of them exist here.

Writ denied.

HARRIS, C.J., and BYRD, J., dissent.

CONLEY BYRD, Justice. As I read the majority opinion, the plaintiff, in securing personal jurisdiction upon a nonresident pursuant to the Uniform Interstate and International Procedure Act, Ark. Stat. Ann. § 27-2501, et seq. (Supp. 1977), no longer has to make a showing that the nonresident defendant purposefully availed itself of the privilege of conducting activities in this state. The reason for that assumption is that the burden of proof in such matters is upon the nonresident defendant. Thus, under today's majority decision, a nonresident becomes subject to the jurisdiction of the courts of this state upon a mere verified allegation of the plaintiff that the nonresident defendant has availed itself of the privilege of conducting activities in this state. The majority's position is incorrect for the following two reasons.

(1) By the terms of Ark. Stat. Ann. § 27-2502 C. 1., a presumption of jurisdiction is not authorized. That section provides:

C. Personal jurisdiction based upon conduct.

1. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's (a) transacting any business in this state:
(b) . . . .

2. When jurisdiction over a person is based upon this section, only a (cause of action) (claim for relief) arising from acts enumerated in this section may be asserted against him . . . .

As can be seen from the very terms of the Uniform Act, jurisdiction of the person is limited to "acts" performed by the person — not from a presumption of facts.

(2) The presumption created by the majority opinion makes the Uniform Interstate and International Procedure Act invalid under the due process clause of the United States Constitution. In *Pennsalt Chemical Corp.* v. *Crown Cork & Seal Co., Inc.,* 244 Ark. 638, 426 S.W. 2d 417 (1968), after pointing out that the United States Supreme Court had recognized the right of a state court to exercise personal jurisdiction over a nonresident for acts committed outside the state but affecting a resident of the state, we recognized the limitation of that right in this language:

> The only restriction in *International Shoe Co.* v. *State of Wash.,* 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95, 161 A.L.R. 1057 (1945), and *McGee* v. *International Life Ins. Co., supra,* is that before a state can exercise such jurisdiction it is essential that there be a showing that the defendant purposefully availed itself of the privilege of conducting activities within the forum state. It is recognized that such activities may be carried on by mail, *Travelers Health Ass'n.* v. *Commonwealth of Va.,* 339 U.S. 643, 70 S. Ct. 927, 94 L. Ed. 1154 (1950), and by an independent agent or manufacturer's representative, *Jackson* v. *National Linen Serv. Corp.,* 248 F. Supp. 962 (W.D. Va. 1965); *Gray* v. *American Radiator & Sanitary Corp.,* 22 Ill. 2d 432, 176 N.E. 2d 761 (1961); *Johnson* v. *Equitable Life Assur. Soc.,* 22 App. Div. 2d 138, 254 N.Y.S. 2d 258 (1964); and *Coreil* v. *Pearson,* 242 F. Supp. 802 (W.D. La. 1965).

The unconstitutional burden placed upon a nonresident defendant by the majority decision can be demonstrated by assuming the case of the ex-mother-in-law who wishes to help the daughter fight her battles and assumes that the ex-son-in-law, a nonresident, works for an interstate airline. The mother, a resident of Arkansas, can file suit and verify a complaint alleging that she loaned the ex-son-in-law $2,500 in cash when he came through Arkansas on his honeymoon. When the son comes into court and testifies that he had never been to Arkansas before in his life, the ex-mother-in-law only has to testify that the ex-son-in-law is a liar and the trial judge, not knowing which one to believe, will have to find against the ex-son-in-law on the matter of jurisdiction because the majority says that he has the burden of proof.

Few people can tell you where they were on a Saturday thirty months ago and still fewer can find anyone to corroborate their locations on such a day. Yet the majority opinion places the onerous burden upon the nonresident of disproving his alleged contacts with the state. A nonresident defendant has enough problems when sued in a foreign jurisdiction without being "home towned" in favor of the plaintiff by a presumption that he must have done the things the plaintiff has alleged.

For the reasons stated, I respectfully dissent.