**JEANWAY INDUSTRIES, INC. and Ibrahim Hadi, An Individual, Plaintiffs,**

v.

**KNUDSON MANUFACTURING COMPANY, INC., G. A. Knudson, Ltd. and Gary A. Knudson, Individually, Defendants.**

**CYCLONE SHOP, INC. and Ralph Baird, An Individual, Plaintiffs,**

v.

**JEANWAY INDUSTRIES, INC., Knudson Manufacturing Company, Inc., G. A. Knudson, Ltd. and Gary A. Knudson, Individually, Defendants.**

**Nos. 81–5084, 81–5089.**

United States District Court, W. D. Arkansas, Fayetteville Division.

Nov. 18, 1981.

James F. Dickson, Putman, Gallman & Dickson, Fayetteville, Ark., for Jeanway Industries and Ibrahim Hadi.

Robert L. Jones, Jr., Jones, Gilbreath & Jones, Fort Smith, Ark., and Michael W. Anderson, White & Steele, Denver, Colo., for Knudson Mfg. et al.

E. J. Ball, Ball & Mourton, Fayetteville, Ark., for Cyclone Shop and Baird.

## MEMORANDUM OPINION

WATERS, Chief Judge.

These are actions involving exclusive dealership contracts to sell building panel machines. There is a complete diversity or alienage citizenship and the amount in controversy exceeds $10,000.00. Both actions

are before the court on the motions to dismiss of Knudson Manufacturing Company, Inc., G. A. Knudson, Ltd. and Gary A. Knudson for lack of personal jurisdiction.

Solely for the purposes of ruling on the motions to dismiss, the court can summarize the facts as pleaded and as appear in affidavits.

Jeanway Industries, Inc., a plaintiff in 81 5084, and a defendant and cross-claimant in 81–5089, is a Nevada corporation whose principal place of business is in Arkansas. In 1975 it entered into a contract with defendant, Knudson Manufacturing Company, Inc. whereby Jeanway. was granted the exclusive right to sell model P 120 building panel machines and improvements manufactured by Knudson Manufacturing, throughout the world except for the United States. Mr. Gary Knudson, a defendant in both actions, represented Knudson Manufacturing in the dealings between Jeanway and Knudson Manufacturing. Knudson Manufacturing Company is a Colorado corporation with its principal place of business in Colorado. Mr. Gary A. Knudson is a citizen and resident of Colorado.

In 1978 the exclusive sales contract was modified, reducing Jeanway's territory to approximately 13 Mid-Eastern countries and 5 Mid-Western states of which Arkansas was not one. In 1979, Jeanway granted Ibrahim Hadi a license to sell the Knudson building panel machines and improvements in the 13 Mid-Eastern countries. Mr. Ibrahim Hadi, a plaintiff in 81–5084, is a citizen and resident of Jordan. Jeanway also granted Ralph Baird the exclusive right to sell the machines in the 5 Mid-Western states of the United States. Ralph Baird, a plaintiff in 81–5089 is a citizen of Indiana. Mr. Baird, in turn, granted Cyclone Shop, Inc. the right to share in the sales of machines in Indiana, Kentucky, Michigan, Ohio, and Southern Illinois. The Cyclone Shop, Inc. is an Indiana corporation with its principal place of business in Indiana.

After the initial contract was entered into between Knudson Manufacturing and Jeanway, G. A. Knudson, Ltd. was formed to market the products manufactured by Knudson Manufacturing. G. A. Knudson, Ltd. is a Colorado corporation with its principal place of business in Colorado.

On July 28, 1981, Jeanway Industries and Ibrahim Hadi commenced an action in this court seeking compensatory and punitive damages and temporary injunctive relief on the grounds that the defendants, Knudson, were maliciously interfering in the business relations of Jeanway and Hadi, by selling and attempting to sell building panel machines in the Mid-East in violation of the exclusive sales agreement between Knudson and Jeanway. The Honorable Paul X Williams granted plaintiffs a temporary restraining order, which expired at the end of ten (10) days. No other injunctive relief has been given plaintiffs.

On July 31, 1981, the Cyclone Shop, Inc., and Ralph Baird, commenced an action in this court against Jeanway and the defendants, Knudson, seeking compensatory and punitive damages and injunctive relief on the grounds that the Knudsons have interfered with plaintiffs' exclusive right to sell the building panel machines in Indiana, Ohio, Kentucky, Michigan, and Southern Illinois.

Service of process was had on the defendants, Knudson, in Colorado by certified mail with return receipt. The defendants, Knudson, have moved to dismiss on the grounds that this court has no personal jurisdiction over them, as they never committed any of the acts enumerated in the Arkansas long-arm statute to subject themselves to extra-state service of process from Arkansas courts.

Ark.Stat.Ann. 27–2502 C.1.(a) provides in part as follows:

"1: A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's

(a) transacting any business in this state;

(d) causing tortious injury in this state by an act or omission outside this state

if he regularly does or solicits business, or engages in any other persistent course of conduct in this state or derives substantial revenue from goods consumed or services used in this state;

2. When jurisdiction over a person is based solely upon this section, only a (cause of action) (claim for relief) arising from acts enumerated in this section may be asserted against him."

▆▆▆ "Whether a state long-arm statute applies in any particular case is a question of state law." *Caesar's World, Inc. v. Spencer Foods, Inc.*, 498 F.2d 1176, 1179 (8th Cir. 1974). Under Arkansas law, "the plaintiff has the burden of proving that a non-resident defendant has sufficient contacts with Arkansas to be sued *in personam*." *Hawes Firearms Co. v. Roberts*, 263 Ark. 510, 512, 565 S.W.2d 620 (1978). However, the non-resident defendant filing a motion to dismiss or quash, "has the burden of going forward and offering proof to sustain the allegations (of no jurisdiction)" Ibid. at 513, 565 S.W.2d 620.

The defendants, Knudson, have not tendered any affidavits in support of their motion to dismiss, but we hold that even though plaintiffs' affidavits remain uncontradicted, three of the plaintiffs have not made out a *prima facie* showing of personal jurisdiction over the defendants, Knudson.

The affidavit of Rufus Hopf, president of the Cyclone Shop, provides in part as follows:

"12. From 1975 to the present date, defendants, (hereinafter referred to as Knudson), Knudson Manufacturing Company, Inc., Gary A. Knudson and G. A. Knudson, Ltd., have continuously solicited orders for the P–120 building panel machines from Jeanway in Springdale, Washington County, Arkansas.

13. Defendants Knudson have sent representatives to Washington County, Arkansas, to discuss both the Jeanway-Knudson contract and the Jeanway-Cyclone-Baird contract.

14. From 1975 to the present date, defendants Knudson have continuously mailed correspondence and made telephone calls to Washington County, Arkansas, for the purpose of discussing the Jeanway-Knudson contract and the Jeanway-Cyclone-Baird contract.

15. From 1975 to the present date, defendants Knudson have sold the P–120 building panel machines to Jeanway Industries, Inc., in Springdale, Arkansas.

16. Defendants Knudson have received substantial revenue from the sale of the P–120 building panel machines to Jeanway Industries, Inc., in Springdale, Arkansas.

17. Plaintiffs (citizens and residents of Indiana, non-residents of Arkansas) have placed orders for the P–120 building panel machines in Springdale, Arkansas, pursuant to their contract entered into with defendant, Jeanway Industries, Inc., in Springdale, Washington County, Arkansas.

18. From 1975 to the present date, defendants Knudson have shipped spare parts for the P–120 building panel machines to Springdale, Washington County, Arkansas, for use by defendant, Jeanway, and shipment to plaintiffs, Cyclone Shop, Inc., and Ralph Baird, for their exclusive territory.

19. From 1979 to the current date, plaintiffs have lost substantial revenues in Springdale, Washington County, Arkansas, due to the interference of defendants Knudson with the Jeanway-Cyclone-Baird contract and through the breach by defendants of the Jeanway-Knudson contract.

20. On at least one occasion in 1981, the defendants, Gary A. Knudson and/or G. A. Knudson, Ltd., has sold a building panel machine in Laymon, Ohio, for $90,000.00 to be exported by the purchaser to Saudi Arabia."

▆▆▆ The Cyclone Shop and Ralph Baird contend that their extrastate service of process on the defendants-Knudson in case No. 81–5089 is authorized by Ark.Stats. Ann. 27–2502 C.1.(d) "causing tortious injury within this state by an act or omission outside the state . . . .". We disagree. The Cyclone Shop and Ralph Baird are located

in Indiana, from where they sell Knudson building panel machines in Indiana, Ohio, Kentucky, Michigan and Southern Illinois. They complain of the Knudsons for tortiously interfering with their exclusive right to market the machines in the 5 Mid-Western states. The situs of the tort and the situs of the tortious injury to the Cyclone Shop and Ralph Baird is not Arkansas, but Indiana. The only connection the Cyclone Shop and Ralph Baird have with Arkansas is Jeanway, the alleged holder of the exclusive marketing rights from Knudson, and the place where Jeanway contracted with the Cyclone Shop and Baird, to give them the right to sell the machines in the 5 Mid-Western states. As the Cyclone Shop and Ralph Baird did not suffer a tortious injury within Arkansas, Ark.Stat.Ann. 27–2502 C.1.(d) does not authorize extrastate service of process on the defendants Knudson in *Cyclone Shop v. Jeanway*, 81–5089. As the Arkansas long-arm statute does not authorize extrastate service on the defendants Knudson in case no. 81–5089, the motion to dismiss of defendant Knudsons must be granted. It is only when state law authorizes long-arm service that the court must analyze whether or not the exercise of such jurisdiction would offend due process. See, *Hutson v. Fehr Bros., Inc.*, 584 F.2d 833, 835 (8th Cir. 1978) ("whether the Arkansas long-arm statute authorizes the exercise of jurisdiction over Weissenfels and, *if so*, whether the . . . exercise would violate the due process clause . . . ."). See, also, Leflar, American Conflicts of Law 3rd ed. p. 67 "(the) Uniform Act . . . prescribes the scope of long-arm service as authorized in most states, though it does not go quite as far as the due process clause would permit.")

We point out that Cyclone Shop and Ralph Baird, plaintiffs in 81–5089, do not contend jurisdiction exists under Ark.Stat. Ann. 27–2502 C.1.(a) "transacting any business in this state" or subsection (b) "contracting to supply services or things in this state." The plaintiffs recognize that subsection (a) and (b) would be inapplicable because plaintiffs' cause of action against the Knudsons does not "arise from Knud-

sons doing anything within the State of Arkansas." Plaintiffs' cause of action against the Knudsons arises from the Knudsons' actions in Indiana, Ohio, Michigan, Kentucky, and Illinois. The Knudsons' relationship with Jeanway, whose principal place of business is in Arkansas, is merely antecedent to the alleged tort. See, *Krone v. AMI, Inc.*, 367 F.Supp. 1141 (E.D.Ark. 1973).

■ The same analysis applies to the claim of Ibrahim Hadi in case no. 81–5084. Mr. Hadi lives in Jordan, where he sells Knudson building panel machines in 13 Mid-Eastern countries. Mr. Hadi asserts his exclusive right to sell the machines derives from a contract between him and Jeanway and that Jeanway's right derives from an agreement between Knudson and Jeanway. To the extent Mr. Hadi has suffered a tortious injury by the acts of the defendants Knudson, the injury has not been suffered in Arkansas, but where Mr. Hadi lives and works—in the Mid-East. As it cannot be said Mr. Hadi's cause of action against Knudson arises from Knudson's having caused Mr. Hadi tortious injury within Arkansas, extrastate service of process cannot be upheld on Mr. Hadi's cause of action under Ark.Stat.Ann. 27–2502 C.1.(d). Mr. Hadi's cause of action against the Knudsons also does not arise from the Knudsons' transacting any business in Arkansas. Any business which the Knudsons transacted in Arkansas was with Jeanway and was merely antecedent to Mr. Hadi's cause of action.

A more difficult question is presented by the cause of action of Jeanway against the Knudsons. The affidavit of Lewis Nichols, vice president of Jeanway, provides in part as follows:

"8. In 1975, plaintiff, Jeanway Industries, Inc., entered into a contract with defendant, Gary A. Knudson and defendant Knudson Manufacturing Company, Inc., whereby Jeanway was granted the exclusive rights to the sale of the P–120 building panel machines in the world except for the USA which, by agreement was reduced in 1978 to exclusivity in the

countries of Lebanon, Syria, Iraq, Yemen, Iran, Saudi Arabia, Jordan, Kuwait, Watar, Bahrein, Oman, Abudhabi and the remaining United Arab Emirates.

9. After Jeanway entered into the contract with the defendants Gary A. Knudson and Knudson Manufacturing Company, Inc., Jeanway entered into another contract with plaintiff, Ibrahim Hadi, whereby Hadi would have the exclusive distributorship for the P–120 building panel machines in the above referenced foreign countries. In order for Jeanway to fulfill the covenants of the Jeanway-Hadi contract, it is imperative that defendants comply with the terms and conditions of the Jeanway-Knudson contract.

10. Beginning in 1979, defendants, Gary A. Knudson, Knudson Manufacturing Company, and G. A. Knudson, Ltd., sent sales representatives into Jeanway's exclusive Mid-Eastern territory and sold P–120 building panel machines.

11. By soliciting orders and selling P–120 building panel machines in Jeanway's exclusive Middle East territory, plaintiffs, Jeanway and Hadi, suffered loss of revenue in the amount of one million, forty-six thousand, seven hundred and eighty-three dollars ($1,046,783.00).

12. From 1975 to the current date, defendants have continuously solicited, by mail and by telephone, orders for the P–120 building machines from Jeanway in Springdale, Washington County, Arkansas.

13. Defendants have regularly sent representatives to Washington County, Arkansas, to discuss both the Jeanway-Knudson contract and the Jeanway-Hadi contract during the years 1975 to date.

14. From 1975 to the present date, defendants have continuously mailed correspondence and made telephone calls to Washington County, Arkansas, for the purpose of reviewing and modifying the Jeanway-Knudson contract and the Hadi-Jeanway contract.

15. From 1975 to the present date, defendants have sold the P–120 building panel machines to Jeanway in Springdale, Arkansas.

16. Defendants have received substantial revenue from the sale of the P–120 building panel machines to Jeanway Industries in Springdale, Arkansas, but have subsequently intentionally interfered with the resale of many of the same machines in the foreign countries set out herein, with substantial resulting monetary damages to both plaintiffs.

17. Plaintiff, Hadi, has placed orders for the P–120 building panel machines in Springdale, Arkansas, pursuant to his contract entered into with plaintiff, Jeanway Industries, Inc., in Springdale, Washington County, Arkansas.

18. From 1975 to the present date, defendants have shipped spare parts for the P–120 building panel machines to Springdale, Washington County, Arkansas, for use by plaintiff, Jeanway, and shipment to the Mid-East to plaintiff, Hadi, and derived substantial revenue therefrom."

The defendants Knudson contend that Jeanway's cause of action against them is in fact one for breach of contract, not for tortious interference. Defendants point out that as the contract between them and Jeanway was not negotiated, consummated or to be performed within Arkansas, Jeanway's action for breach of contract cannot be said to have arisen from any business transacted within Arkansas, (Ark.Stat.Ann. 27–2502 C.1.(a)) or from contracting to supply services or things in this state (subsection C.1.(b)). See, *Rogers Joyce v. Paoli Steel*, 491 F.Supp. 1095 (E.D.Ark.1980). If the contract was breached, it was breached by the acts of Knudson in Ohio, Indiana, Michigan, Kentucky, Illinois, or the 13 Mid-Eastern countries, not by any act or omission of Knudson within Arkansas. We reiterate that the Jeanway-Knudson contract was not negotiated, consummated, to be performed, or breached within Arkansas.

To support his claim of personal jurisdiction, Jeanway relies on Ark.Stat.Ann. 27–2502 C.1.(d), which authorizes extrastate service as to causes of action arising for the

defendant's "causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any persistent course of conduct in this state or derives substantial revenues or goods consumed or services used in this state."

■ Arkansas recognizes the tort of malicious and willful interference with contractual rights and relationships of another which contains four essential elements. *Mason v. Funderburk*, 247 Ark. 521, 446 S.W.2d 543 (1969); *Lane v. Chowning*, 610 F.2d 1385, 1389 (8th Cir. 1979); *Bishop v. Tice*, 622 F.2d 349 (8th Cir. 1980). We point out that Jeanway's action is not one for breach of contract; it claims the defendants Knudson interfered *not* with the contract between Jeanway and Knudson, but with the contracts between Jeanway and Hadi and Jeanway and Baird.

■ It would be error for this court to dismiss Jeanway's claim for contractual interference at this stage of the proceedings and to hold that Jeanway's only remedy against Knudson was for breach of the Jeanway-Knudson contract.

As Jeanway has pleaded that it was the victim of tortious interference, the situs of the tort is Arkansas. The tortious injury occurred in Arkansas, where Jeanway felt the impact of the "act or omission" outside Arkansas.

Ark.Stat.Ann. 27–2502 C.1.(d) only authorizes extrastate service for a defendant's having caused tortious injury within the state by acts or omissions elsewhere if other criteria are also met, "if (the defendant) regularly does or solicits business or engages in any other persistent course of conduct in this state or derives substantial revenue from goods consumed or services used in this state."

In his affidavit, Lewis Nichols, avers that for the last six years defendants Knudson have solicited orders from Jeanway in Springdale, and have received substantial revenues from sales of building machines *to* Jeanway in Arkansas. These averments are uncontroverted by the defendants Knudson. We therefore find that the Knudsons committed sufficient acts within Arkansas to subject themselves to extrastate service of process under Ark.Stat.Ann. 27–2502 C.1.(d).

Having held that the Arkansas long-arm statute authorizes personal jurisdiction over defendants Knudson, we must inquire whether the exercise of that jurisdiction would violate the due process clause. Unlike the situations presented in *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), and *Hutson v. Fehr Bros.*, 584 F.2d 833 (8th Cir. 1978), the defendants in the case at bar have carried on activities with Jeanway in Arkansas for a substantial period of time by soliciting sales from and to Jeanway. The Knudsons entered into contracts with Jeanway from which they derived benefits due in part to the protections afforded by Arkansas law. It does not offend traditional notions of fair-play and substantial justice to require the Knudsons to defend against Jeanway's cause of action in Arkansas. Knudson's associations with Arkansas through Jeanway were not merely fortuitous. The persistent relationship with Jeanway which included sales to Jeanway in Arkansas, when considered in light of the alleged tortious injury occurring in Arkansas, is sufficient to satisfy the requirements of due process.

Separate orders will be entered in accord with this opinion. The causes of action of Cyclone Shop and Ralph Baird in case no. 81–5089 against the defendants Knudson will be dismissed, leaving the claim against Jeanway. Mr. Ibrahim Hadi's cause of action against the defendants Knudson in case no. 81–5084 will be dismissed. Jeanway Industries' cause of action against the defendant Knudson in 81–5084 will not be dismissed. As Mr. Hadi's cause of action against the Knudsons is separate and distinct from Jeanway's, it is proper for the court to dismiss the claim of Mr. Hadi without dismissing that of Jeanway.