**Bernadine B. COOK and Justein F. Cook, Plaintiffs,**

v.

**J.C. PENNEY COMPANY, INC., Defendant.**

**J.C. PENNEY COMPANY, INC., Third-Party Plaintiff,**

v.

**H–N–W ASSOCIATES, an Iowa Limited Partnership, and Ernest W. Hahn, Inc., Third-Party Defendants.**

No. C 82–31.

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Feb. 16, 1983.

David F. McGuire, Cedar Rapids, Iowa, for plaintiffs.

Ralph W. Gearhart, Richard S. Fry, James Pickens, Minor Barnes, Cedar Rapids, Iowa, for defendants.

ORDER

McMANUS, Chief Judge.

This matter is before the court upon defendant's resisted motions filed January 12,

1983 to reconsider the order of remand and to amend. Reconsidered and further leave to amend granted.

On January 7, 1983, this court ordered this case remanded to state court for the reason that the removal petition failed to properly allege the existence of diversity of citizenship. Defendant, J.C. Penney Company, Inc., now asks the court to reconsider its order, and to permit leave to amend the petition for removal.

28 U.S.C. § 1447(d) provides, "An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise ..."

In construing the above section, it has been proclaimed that, "[u]nquestionably the statute not only forecloses appellate review [of a remand order], but also bars reconsideration of such an order by the district court." *Three J. Farms, Inc. v. Alton Box Board Co.,* 609 F.2d 112, 115 (4th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980). *See also, State of Nebraska v. Forbes,* 588 F.2d 631, 632 (8th Cir.1978); *Milligan v. Milligan,* 484 F.2d 446, 447 (8th Cir.1973).

■ However, the federal court is not completely divested of jurisdiction to reconsider or vacate the order of remand until the order of remand has been entered and a certified copy of the order has been mailed to the clerk of the state court. *Federal Deposit Insurance Corp. v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979); *In re La Providencia Development Corp. et al.,* 406 F.2d 251, 252 (1st Cir.1969); *Bucy v. Nevada Construction Co.,* 125 F.2d 213, 217 (9th Cir.1942); *Rosenburg v. GWV Travel, Inc.,* 480 F.Supp. 95, 97 (S.D.N.Y.1979); *Yarbrough v. Blake,* 212 F.Supp. 133, 147 (W.D. Ark.1962); 1A Moore's Federal Practice ¶ 0.169[2.–1] at 571 (2nd ed. 1982).

Here, the order of remand was entered of record on January 7, 1983. Normally, a certified copy should have been mailed to the clerk of state court on the same date. However, due to a mistake in the federal Clerk of Court's office, as of this date, no such copy has been sent. Thus, this court has not been divested of jurisdiction and may reconsider the order of remand.

Defendant's proposed amendment would cure the fatal allegation of jurisdiction contained in the original petition for removal. However, defendant's petition and proposed amendment filed January 12, 1983 are further defective because they are not verified [1] and because they fail to allege that complete diversity of citizenship existed both at the time of the filing of the action in the state court and at the time of its removal to federal court. *Jackson v. Allen,* 132 U.S. 27, 34, 10 S.Ct. 9, 33 L.Ed. 249 (1889); *Marshall Construction Co. v. M. Berger Co.,* 533 F.Supp. 793, 794 (W.D.Ark. 1982); *William Kalinas Construction Co. v. Vent Control of Kansas City, Inc.,* 325 F.Supp. 1008, 1009 (W.D.Mo.1970). In light of those defects, the court must now decide whether defendant should be given further leave to amend.

This court has adopted a rule of strict construction which prohibits amendment of a petition for removal unless the offer to amend the petition is made within the 30-day period prescribed by statute for filing such petitions. *Jennings Clothiers v. United States Fidelity and Guaranty Co.,* 496 F.Supp. 1254, 1255 (N.D.Ia.1980); *see also, Richmond Fredericksburg & Potomac Railroad Co. v. Intermodal Services, Inc.,* 508 F.Supp. 804 (E.D.Va.1981); *Fort v. Ralston Purina Co.,* 452 F.Supp. 241, 242 (E.D.Tenn. 1978).

■ Here, the 30-day period for amendment has long passed, however, there exist certain extraordinary and extenuating circumstances which warrant giving the matter further consideration. First, the failure to send a copy of the remand order to the state court has resulted in this court not

---

1. 28 U.S.C. § 1446 specifies in part:

§ 1446. Procedure for removal

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States ... a verified petition containing a short and plain statement of the facts which entitle him or them to removal ....

being divested of jurisdiction. Second, the defects in the petition concern matters of form, not substance. Third, the defects have been raised by the court rather than by counsel. Finally, there has been no showing that any party would be prejudiced and it has not been controverted that this court would have jurisdiction over the claims and the parties but for the defects in the petition. *Kentucky Solar Energy Controls, Inc. v. American Borate Co.,* 497 F.Supp. 555 (D.C.Ky.1980).

Nothing in this opinion should be construed to indicate that the court intends to be lenient in allowing matters to remain in federal court that do not belong there. See, *Marshall Construction Co.,* 533 F.Supp. 793 at 799. However, in light of the liberal rules of notice pleading and due to the peculiar facts of this case, defendant will be granted leave to amend its petition for removal. F.R.C.P. 15(a); 28 U.S.C. § 1653.

It is therefore

ORDERED

Remanded unless defendant, by not later than Monday, February 28, 1983, amends its petition for removal to cure the defects therein.