Jean Lucille THEIS, Plaintiff,

v.

EL FENIX CORPORATION, a Texas corporation f/k/a El Fenix Restaurant Corp., an Oklahoma corporation, Defendant.

No. CIV–90–480–D.

United States District Court,
W.D. Oklahoma.

Aug. 15, 1990.

John Morris Williams and Rosemary Rogers, Oklahoma City, Okl., for plaintiff.

David B. Donchin and Gerald Durbin, II, Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, Senior District Judge.

Before this Court is the Plaintiff's Motion for Reconsideration of this Court's Order of June 5, 1990, denying the Plaintiff's Motion to Remand to State Court. The Defendant has filed a Response to the Plaintiff's Motion for Reconsideration and a Motion to Strike the Plaintiff's Motion for Reconsideration, to which the Plaintiff has responded.

The background of the case is as follows: On March 26, 1990, the Defendant removed this action from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. On April 25, 1990, the Plaintiff filed a Motion to Remand to State Court, based on the ground that more than 30 days had elapsed since service of summons before removal, and thus the removal was out of time. The Defendant's response to the Plaintiff's Motion to Remand to State Court relied on that portion of 28 U.S.C. § 1446(b) relating to receipt of "other papers" in establishing the jurisdictional amount. The Defendant stated that the removability of the action was not disclosed in the initial pleading, but was disclosed later when in a request for admissions by the Defendant, Plaintiff submitted certain information to the Defen-

dant. The Defendant asserted that only by such disclosure at that time was it able to make a good faith determination that the required jurisdictional amount was present in the case. When such information was so received, Defendant removed the case in ten days.

In the Court's Order of June 5, 1990, the Court acknowledged that the Defendant's removal was clearly out of time based upon the 30–day time period provided by 28 U.S.C. § 1446. The Court, however, agreed with the Defendant that the amount of damages requested by the Plaintiff in the initial Complaint will not necessarily control. The Court also agreed that the timing requirement of 28 U.S.C. § 1446(b) had been met because the Defendant could not reasonably determine the amount claimed by the Plaintiff prior to receiving answers to the Defendant's request for admissions.

In her Motion to Reconsider, the Plaintiff now asserts that because the only basis set forth in the notice of removal by the Defendant was that the case was being removed within 30 days after service of summons, Defendant could not then later rely upon that portion of 28 U.S.C. § 1446(b) which allows removal upon receipt of "other paper" indicating that the required jurisdictional amount is present in the case, as Defendant did in its Response in Opposition to the Motion to Remand. The Plaintiff contends that Defendant's first mention of the "other paper" basis for removal was May 8, 1990, in its above-mentioned Response in Opposition to Defendant's Motion to Remand, which exceeds the 30–day time limitation.

In the Defendant's Response to Plaintiff's Motion for Reconsideration and Defendant's Motion to Strike Same, Defendant states first that because the issue of remand had been fully briefed by both parties and decided by the Court, that Plaintiff's Motion to Reconsider is prohibited by Rule 14 and thus should be stricken. Defendant further asserts, however, that should the Court decide to consider Plaintiff's Motion to Reconsider on the merits, that the Plaintiff's allegation that § 1446(b) was not referenced in the notice of removal is inaccurate. Defendant quotes paragraph three of its notice of removal which cites 28 U.S.C. § 1441, *et seq*. Defendant asserts that this obviously includes not only 28 U.S.C. § 1441 but the following sections of the Federal Removal Act, including § 1446(b). The Defendant further contends that the Plaintiff was put on notice that Defendant was searching for information relating to removability by virtue of Defendant's specific request to admit concerning the amount in controversy. Thus, Defendant claims that the fact that it did not spell out the verbatim language of § 1446(b) cannot be said to be prejudicial to the Plaintiff.

■ First, this Court will consider Defendant's Motion to Strike the Plaintiff's Motion to Reconsider. The Defendant is correct in stating that normally, a district court's refusal to remand an action is not in and of itself a final order and cannot be reviewed on appeal unless and until a final judgment has been entered, *Indian Country, USA, Inc. v. State of Okl., ex rel. Oklahoma Tax Commission*, 829 F.2d 967 (10th Cir.1987). There is authority, however, that a motion to reconsider is appropriately used in the context of a remand. *67 Goffle Road, Inc. v. Playboy Hotel Casino*, 527 F.Supp. 566 (1981). In addition, the U.S. District Court for the Northern District of Iowa has held that a federal court may reconsider an order of remand until the order of remand has been entered and a certified copy mailed to the clerk of the state court. *Cook v. J.C. Penney*, 558 F.Supp. 78 (N.D.Iowa 1983).

Although the case at bar involves a denial rather than a granting of a motion to remand, the policy justifications for allowing a motion for reconsideration are the same. In fact, because this Court determined that federal jurisdiction existed in the case at bar, it would be more appropriate to entertain a motion to reconsider than in a case in which this Court lacks jurisdiction and grants the motion to remand.

Accordingly, this Court finds that the Defendant's Motion to Strike the Plaintiff's Motion for Reconsideration of the Court's

Order of June 5, 1990 should be denied, and the Court will consider the Plaintiff's Motion for Reconsideration on the merits.

■ There is considerable authority that the modern rules of notice pleading should apply with as much vigor to petitions for removal as they do to other pleadings, and such petitions for removal should be so construed as to do substantial justice. *White v. Wellington,* 627 F.2d 582 (2nd Cir.1980); *Marshall Const. Co. v. M. Berger Co.,* 533 F.Supp. 793 (D.C.Ark.1982). Applying this principle to the case at bar, this Court is of the opinion that it was appropriate to consider the reasons set forth in the Defendant's Response to the Plaintiff's Motion for Remand, in addition to the original petition for removal, to determine whether remand was in fact proper. While it certainly would have been preferable had Defendant stated in its removal petition that the basis for removal had only recently been discovered, the Defendant is correct in its assertion that the removal statute it relied on was technically cited in the petition for removal. More importantly, this Court is in agreement with the Defendant that the Plaintiff was put on notice of its attempt to clarify the amount in controversy for purposes of removal by the request for admissions, and that no prejudice will result to the Plaintiff by allowing the removal. This Court finds that it would be in the interest of justice to allow the Defendant to pursue the case in this Court, and thus the Plaintiff's Motion to Reconsider the Court's Order Denying Remand should be denied.

IT IS SO ORDERED.