**MARATHON METALLIC BUILDING COMPANY, Plaintiff-Appellant,**

v.

**MOUNTAIN EMPIRE CONSTRUCTION COMPANY, et al., Defendants,**

**Dennis G. Ginther, Defendant-Appellee.**

No. 80–2326
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 14, 1981.

---

Morris, Campbell & Seikel, Philip F. Snow, Jr., Houston, Tex., for plaintiff-appellant.

Reynolds, Allen & Cook, James M. McGraw, Houston, Tex., for defendant-appellee.

Before GEE, RUBIN, and RANDALL, Circuit Judges.

PER CURIAM:

Marathon Metallic Building Company appeals the dismissal for want of personal jurisdiction of its suit against Dennis F. Ginther to recover on his guaranty agreement. We reverse.

Marathon, a Texas corporation, manufactures and sells prefabricated buildings and related items in Houston. Mr. Ginther and two other Colorado residents formed a Colorado corporation, Mountain Empire Construction Company, to distribute Marathon's products in Colorado. In late 1977, Mr. Ginther, with two associates, executed an instrument by which they guaranteed, without monetary limit and in broad terms, the payment of Mountain Empire's obligations to Marathon. At this time Mr. Ginther was a corporate officer, director, and shareholder in Mountain Empire.

Within the week, the president of Mountain Empire, also one of the guarantors, forwarded the executed "Continuing Guaranty" to Marathon in Houston. Just over a month later, the two corporations entered into a comprehensive contract governing their business relationship. Among other things, it provided for delivery of goods f. o. b. Houston and for Texas law to govern its construction and performance. Business transactions between the two corporations ensued and, in August of 1980, Marathon brought suit for over $80,000 claimed to be due it for items invoiced and shipped pursuant to the contract. Mr. Ginther and another were joined because of their guaranty, and service was had on them pursuant to Texas long-arm procedures. In response to Mr. Ginther's motion to dismiss, the district judge ruled that the service was within the scope of the long-arm statute. He further concluded, however, that Mr. Ginther's contacts with the forum state, Texas, were insufficient to permit suit against him there. On this due process ground, he dismissed the suit as to Mr. Ginther. Marathon appeals.

It is the law of our circuit that a two-pronged, general test governs this question: (1) the defendant sought to be sued must have had some minimum contact with the forum state, contact that results from an affirmative act of that defendant; and (2) it must be fair and reasonable to require the defendant to come into the state and defend the action. *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 494 (5th Cir. 1974).

The first prong is clearly satisfied here. Mr. Ginther, then a corporate officer, director, and shareholder, issued his continuing guaranty to another corporation described on the guaranty's face as of "Houston, Texas." His guaranty plainly contemplated advances of credit to Ginther's corporation, with an open-ended obligation on his part to stand good for those advances. Another corporate officer, its president, immediately forwarded the guaranty to Houston; and Ginther's corporation subsequently entered into credit transactions with the Texas entity, purchasing merchandise and taking title in Texas. The effect of such a guaranty is to involve Mr. Ginther in each such advance of credit over many months and purposefully to cause business activity, foreseeable by Mr. Ginther, in the forum state. The general contract pursuant to which this was done, issued and sent a few weeks after the guaranty, specifically stipulated that it would be governed by the laws of Texas. *See Southwest Offset, Inc. v. Hudco Publishing Co.*, 622 F.2d 149 (5th Cir. 1980). Here is purposeful and affirmative action, resulting in, at the least, a minimum contact with Texas by Mr. Ginther.

The second prong is likewise met. In deciding whether it is fair and reasonable to require the nonresident to defend in this local forum, "no particular factor controls . . . . [We] consider such things as the interest of the state in providing a forum for the suit, the relative conveniences and inconveniences to the parties, and basic equities." *Product Promotions, Inc. v. Cousteau*, 495 F.2d at 498. Here we view no unusual balance of inconvenience; it will doubtless be somewhat inconvenient for either party to litigate at a distance. Certainly, however, Texas has an interest in providing a forum for this litigation over a contract that produced substantial business activity in Texas, with consequent extensions of credit, and that requires the application of Texas law. Nor do we ascertain any want of equity in requiring Mr. Ginther to respond in Texas to an action on a warranty that he voluntarily signed, that he must have known was forwarded to a Texas corporation, and which invited that corporation's reliance on it as a basis for credit sales, made in Texas, to a corporation in which he had a substantial economic interest.

On the record as it comes to us, the dismissal of the Texas suit against Mr. Ginther was erroneous. We therefore REVERSE and REMAND the cause to the district court. It is so ORDERED.