Richard JAGITSCH d/b/a C.B.F. AIRCRAFT
*v.* COMMANDER AVIATION CORPORATION
and Monroe CHASE

CA 82-455                                    655 S.W.2d 468

Court of Appeals of Arkansas
Opinion delivered August 31, 1983

*Robert P. Crockett,* for appellant.

No brief for appellees.

JAMES R. COOPER, Judge. The appellant, Richard Jagitsch, d/b/a C.B.F. Aircraft, brought suit to collect the balance due from the sale of an airplane to the appellees, Commander Aviation Corporation and Monroe Chase. The appellees filed a motion to dismiss for lack of personal jurisdiction, which the trial court granted. From that decision, comes this appeal.

In April, 1980, the appellant, a resident of Arkansas, placed an advertisement in Trade-A-Plane magazine offering an airplane for sale. The appellee, Monroe Chase,

received the magazine and became interested in purchasing the plane. Mr. Chase, as an officer of Commander Aviation Corporation, a North Dakota corporation, contacted the appellant by telephone on two separate occasions. Neither Mr. Chase nor any other agent of Commander Aviation ever came to Arkansas to negotiate the contract and the corporation did not transact any other business in this State. An agreement was subsequently reached between the parties and the plane was delivered to the appellees in North Dakota. The appellees claimed that, as a result of certain alleged defects in the airplane and agreements reached between the parties, it was mutually understood that the purchasers were to withhold $4,000.00 from the original contract price. The appellant contended that the appellees breached the contract and brought suit to collect the balance of $4,000.00. The trial court dismissed the complaint and amended complaint on the basis that the court lacked personal jurisdiction over the appellees.

Whether a trial court had *in personam* jurisdiction over non-resident defendants must be decided on the facts of each case. *Arkansas Poultry Cooperative, Inc.* v. *Red Barn System, Inc.*, 468 F.2d 538 (8th Cir. 1972). To make this determination, this Court is guided by a two-part analysis. First, we must decide whether the appellees' actions satisfy the "transacting business" requirement within the meaning of Ark. Stat. Ann. § 27-2502 (Repl. 1979) and, second, whether the exercise of *in personam* jurisdiction is consistent with due process under the fourteenth amendment to the United States Constitution. *Mountaire Feeds, Inc.* v. *Agro Impex, S.A.*, 677 F. 2d 651 (8th Cir. 1982).

Arkansas Statutes Annotated § 27-2502 (C) (1) (a) (Repl. 1979) provides that a trial court may exercise *in personam* jurisdiction over a person as to a cause of action arising from a non-resident "transacting any business in this State." The purpose of the "transacting business" provision is to permit the trial court to exercise the maximum personal jurisdiction over non-resident defendants allowable by due process, *Wisconsin Brick and Block Corp.* v. *Cole,* 274 Ark. 121, 622 S.W.2d 192 (1981), and should be given a broad and liberal

interpretation. *Pennsalt Chemical Corp.* v. *Crown Cork and Seal Co.*, 244 Ark. 638, 426 S.W.2d 417 (1968).

There is little doubt that this State has an interest in resolving a suit brought by its own citizen under a contract. *Thompson* v. *Ecological Science Corp.*, 421 F.2d 467 (8th Cir. 1970). Thus, even a single contractual transaction may sustain *in personam* jurisdiction. *Wichman* v. *Hughes,* 248 Ark. 121, 450 S.W.2d 294 (1970). *See SD Leasing, Inc.* v. *Al Spain and Associates, Inc.*, 277 Ark. 178, 640 S.W.2d 451 (1982). From the facts presented in the case at bar, we are satisfied that the appellees transacted business in this State. However, this finding does not end our inquiry for we must next determine whether due process would be violated by the exercise of *in personam* jurisdiction. *See Roger N. Joyce & Associates, Inc.* v. *Paoli Steel Corp.*, 491 F. Supp. 1095 (E.D. Ark. 1980).

The United States Supreme Court has held that a State may exercise *in personam* jurisdiction over non-resident defendants if "minimum contacts" exist between the defendants and the forum State. The appellees must have performed "some act by which [they have] purposefully [availed themselves] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson* v. *Denckla,* 357 U.S. 235 (1958). *See Aaron Ferer & Sons Co.* v. *Diversified Metals Corp.*, 564 F.2d 1211 (8th Cir. 1977). The contacts with the forum State must be such that the non-resident defendants should reasonably anticipate being "hauled" into an Arkansas court. *See World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286 (1980); *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945). These rules apply equally to non-resident buyers and sellers. *See Mountaire Feeds, Inc., supra.*

There is no exact formula for what is reasonable and fair under the circumstances. In *Arkansas-Best Freight System, Inc.* v. *Youngblood,* 359 F. Supp. 1115 (W.D. Ark. 1973), *citing Aftanase* v. *Economy Baler Co.*, 343 F.2d 187 (8th Cir. 1965), the court outlined five factors to be con-

sidered in determining whether due process requirements have been satisfied:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience to the parties.

*See Carter Oil Co.* v. *Apex Towing Co.,* 532 F. Supp. 364 (E.D. Ark. 1981). Whether the "minimum contacts" requirement has been satisfied is a question of fact. *Wisconsin Brick and Block Corp., supra.*

Based upon the facts presented, we are satisfied that the appellees' contacts with this State are insufficient to invoke *in personam* jurisdiction. Although *in personam* jurisdiction over non-resident defendants does not depend upon the physical presence of the defendants within this State, *Arkansas-Best Freight System, Inc., supra,* there has been no demonstration that the appellees performed any acts with the intention of invoking the jurisdiction of this State's laws. We find that the appellees sufficiently proved that they had insufficient "minimum contacts" with this State. Therefore, we hold that the trial court was correct in dismissing the appellant's complaint and amended complaint. *See Hawes Firearm Co.* v. *Roberts,* 263 Ark. 510, 565 S.W.2d 620 (1978).

Affirmed.