CDI CONTRACTORS, INC. *v.* GOFF STEEL ERECTORS, INC.

89-298                                    783 S.W.2d 846

Supreme Court of Arkansas
Opinion delivered February 12, 1990

*Friday, Eldredge & Clark*, by: *James C. Baker, Jr.*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale*, for appellee.

JACK HOLT, JR., Chief Justice. The appellant, CDI Contractors, Inc. (CDI), an Arkansas corporation with its principal place of business located in Pulaski County, Arkansas, is the

general contractor for an office project in Jackson, Mississippi. CDI awarded to the appellee, Goff Steel Erectors, Inc. (Goff), a foreign corporation not qualified to do business in Arkansas, a subcontract to install reinforcing steel in the office project.

CDI maintains that Goff failed to perform its obligations under the subcontract and filed suit in the Pulaski County Circuit Court. The trial court dismissed the complaint on the basis that Goff was not subject to the personal jurisdiction of the Arkansas courts. The trial court further found that, even if it did have jurisdiction pursuant to the long-arm statute, Pulaski County was not the proper venue for the suit.

CDI appeals from that order on two points of error: 1) that the trial court erred in dismissing its complaint since the trial court does have personal jurisdiction over Goff, and 2) that the trial court erred in dismissing its complaint since Pulaski County is the proper venue for this case.

We disagree and affirm the trial court.

◼ CDI contends that Goff is subject to the personal jurisdiction of the Arkansas courts. Ark. Code Ann. § 16-4-101(C)(1) (1987) provides for personal jurisdiction based upon conduct and states that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's: (a) Transacting any business in this state . . . ."

The purpose of this section is to permit Arkansas courts to exercise the maximum in personam jurisdiction allowable by due process. *Martin* v. *Kelley Elec. Co.*, 371 F.Supp. 1225 (E.D. Ark. 1974); *SD Leasing, Inc.* v. *Al Spain & Assoc., Inc.*, 277 Ark. 178, 640 S.W.2d 451 (1982). We noted in *SD Leasing, Inc., supra,* that:

> *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945) set out the due process requirements for personal jurisdiction: In order for a valid judgment to be rendered against a nonresident defendant not served within the forum state, due process requires that "certain minimum contacts" exist between the nonresident and the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

A single contract can provide the basis for the exercise of jurisdiction over a nonresident defendant if there is a substantial connection between the contract and the forum state. *See McGee* v. *International Life Ins. Co.,* 355 U.S. 220 (1957).

CDI's reliance on *SD Leasing, Inc., supra,* however, is misplaced. In *SD Leasing, Inc.,* the appellee, a Florida corporation, defaulted on a non-cancelable lease agreement between it and the appellant, SD Leasing, Inc., an Arkansas corporation, and the appellant filed suit in Arkansas to recover the balance due. The trial court granted the appellee's motion to dismiss for lack of personal jurisdiction; we reversed on appeal on the basis that there were sufficient minimum contacts to meet due process requirements for personal jurisdiction of the non-resident appellee.

The contacts were sufficient in *SD Leasing, Inc.,* where (1) the lease, although executed in Florida, was mailed to the appellant in Arkansas where it was reviewed, approved, and accepted, (2) the appellee mailed its monthly payments directly to appellant in Arkansas, as well as two memos informing the appellant it was going out of business, (3) the lease agreement specifically provided that the lease "shall be governed by and construed under the laws of the State of Arkansas," and (4) the lease provided that in the event of default, the lessee would consent to and be subject to the jurisdiction of the courts of the State of Arkansas to enforce the terms of the lease.

In this case, Goff submitted a bid by telephone to CDI for the subcontracting job on the Mississippi office project. CDI agents went to Mississippi, where the president of Goff signed the contract, in regard to formalizing the contract. The contract was mailed to CDI, and CDI contends that the contract was executed in Pulaski County, Arkansas; Goff contends that the contract was executed in Jackson, Mississippi. The contract provided that Goff must mail its payment requests to Arkansas, but did not contain any provisions concerning jurisdiction or applicable law for dispute resolution.

In *Mountaire Feeds, Inc.* v. *Agro Impex*, 677 F.2d 651 (8th Cir. 1982), it was held that the use of arteries of interstate mail, telephone, railway, and banking facilities is insufficient, standing

314

alone, to satisfy due process in asserting long-arm jurisdiction over a nonresident corporation.

 In reviewing a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. *Mid-South Beverages, Inc.* v. *Forrest City Grocery Co.,* 300 Ark. 204, 778 S.W.2d 218 (1989) (citing *Battle* v. *Harris,* 298 Ark. 241, 766 S.W.2d 431 (1989)).

We find that Goff's telephone and mail transactions do not, standing alone, satisfy the minimum contacts required by due process to bring it within Arkansas's jurisdiction.

We need not address CDI's second point of error, relating to venue, due to our finding of a lack of jurisdiction.

Affirmed.