Andrew B. CAPPS III d/b/a Roll Services, Inc. *v.* ROLL
SERVICE, INC.

CA 89-393 787 S.W.2d 694

Court of Appeals of Arkansas
Division I
Opinion delivered April 18, 1990

*Everett O. Martindale*, for appellant.

*Wallace, Dover & Dixon*, by: *W. Michael Rief; Gallagher & Johnson*, by: *Patricia J. Stiles* and *David L. Joslyn*, of counsel, for appellee.

JAMES R. COOPER, Judge. The appellant, Andrew Capps d/b/a Roll Services, Inc., appeals from an order of the Pulaski County Circuit Court dismissing his complaint against the appellee, Roll Service, Inc., a foreign corporation, on the ground that the appellee is not subject to *in personam* jurisdiction under the Arkansas Long-Arm Statute and the Fourteenth Amendment to the United States Constitution.

In January 1989, the appellant sued the appellee for commissions due from sales of the appellee's products and services allegedly generated by the appellant while acting as the appellee's agent. On February 9, 1989, the appellee filed a motion to dismiss for lack of *in personam* jurisdiction. Attached to that motion was the affidavit of William Scannell, the appellee's president.

In response to this motion to dismiss, the appellant argued that the court had personal jurisdiction over the appellee under Ark. Code Ann. Section 16-4-101 (1987), which states in part that personal jurisdiction may be had over a person who transacts business in this state or who contracts to supply services or things in this state. The appellant amended his complaint on March 1, 1989 (although this pleading was not filed until March 17, 1989), and on March 8, 1989. In his first amended complaint, the appellant stated:

> [The appellant] states that [the appellee] did travel to the State of Arkansas in order to transact business and, in fact,

did meet with [the appellant] with persons from International Paper, Potlatch and Georgia Pacific. These meetings were conducted in the State of Arkansas and resulted in the attached offers being made by [the appellee] to those customers of both parties. These meetings took place the first part of May, 1987.

William Scannell is the owner of [the appellee] and is the person who met with the parties' customers in the State of Arkansas about the beginning of May, 1987.

The attach [sic] proposals did result in contracts between [the appellee] and companies within the State of Arkansas wherein [the appellee] contracted to supply services or items within the State of Arkansas.

On March 15, 1989, the appellee amended its motion to dismiss and stated that "the sales calls alleged by [the appellant] to have taken place in May, 1987, did not result in acceptance of [the appellee]'s proposals to those customers." In its memorandum in support of its amended motion to dismiss, the appellee argued that, although the appellee did make sales calls with the appellant to International Paper, Potlatch, and Georgia-Pacific within the state of Arkansas in May 1987, proposals sent to these companies following the visits were not accepted and did not result in sales. In that memorandum, the appellee alleged that any contracts which the appellee had with these companies resulted from separate negotiations, by way of telephone and mail, between the customers and the appellee. In another affidavit, William Scannell admitted making sales calls with the appellant in Arkansas but denied that these calls resulted in sales.

In his third amended complaint, the appellant stated:

1. That as a result of calls on customers of both [the appellant] and now, [the appellee], [the appellee] has made sales of goods and services to said customers for which [the appellee] owes [the appellant] a commission.

2. That the customers referred to herein are International Paper, Potlatch and Georgia Pacific; that calls were made upon these customers by [the appellant] and [the appellee] within the State of Arkansas and these

calls resulted in the above-mentioned sales.

> 3. That the parties entered into an agreement wherein [the appellant] was to receive sales commissions on any sales of goods or services received by [the appellee] as a result of contacts with customers in Arkansas and [the appellee] has failed and refused to pay said commission; that [the appellant] is entitled to judgment against [the appellee] for the value of commissions owed by [the appellee].

On March 16, 1989, the circuit court sent a letter opinion to counsel for the parties and stated:

> It appears from the facts in this case that [the appellant] made no sales on behalf of [the appellee], either to parties in the state of Arkansas or while he was in the state of Arkansas with [the appellee]. Thus, we have two non residents coming to Arkansas, seeking sales and obtaining none, and leaving the state. [The appellant] then moves into the state of Arkansas and sues [the appellee] in this state based upon the fact that he and a plaintiff's [sic] representative once travelled through this state seeking sales. This Court does not believe this confers jurisdiction upon this state. If this lawsuit is to be filed, it should be filed in [the appellee's] home state. We have neither proper jurisdiction nor venue.

An order of dismissal was entered on June 16, 1989, which stated:

> 2. The contacts which [the appellant] and [the appellee] had with the State of Arkansas are not sufficient to satisfy the jurisdiction requirements of the Arkansas long-arm statute as codified in A.C.A. Sections 16-4-101 et seq.

> 3. The contacts which [the appellant] and [the appellee] had with the State of Arkansas are not sufficient to satisfy the minimum contacts requirements of the Fourteenth Amendment to the United States Constitution.

The appellant argues that the circuit court erred in dismissing the complaint and making a finding of fact that the appellee made no sales in Arkansas as a result of the appellant's efforts without first hearing evidence on this issue. The appellant argues that, in testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences should be resolved in favor of the complaint. We agree. In holding that the appellee's contacts within the state of Arkansas were not sufficient to satisfy the Long-Arm Statute and the Fourteenth Amendment, the circuit judge made a factual finding that the appellee made no sales to three companies in Arkansas as a result of sales calls by the appellant and the appellee within the state of Arkansas. This was error.

In *Rabalaias v. Barnett*, 284 Ark. 527, 528, 683 S.W.2d 919, 921 (1985), the Arkansas Supreme Court stated that, "in testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint." "In reviewing a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff." *CDI Contrs., Inc. v. Goff Steel Erectors, Inc.*, 301 Ark. 311, 314, 783 S.W.2d 846, 847 (1990). In *CDI Contrs.*, the Arkansas Supreme Court affirmed the trial court's dismissal of the complaint for lack of personal jurisdiction because the facts alleged in the complaint did not satisfy the minimum contacts required by due process. We therefore must determine whether the allegations of appellant's complaint satisfy the minimum contacts requirement.

Arkansas Code Annotated Section 16-4-101(C)(1) (1987) provides in part:

1. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's:

 (a) Transacting any business in this state;

 (b) Contracting to supply services or things in this state;

. . . .

2. When jurisdiction over a person is based solely upon this section, only a (cause of action) (claim for relief) arising from acts enumerated in this section may be asserted against him.

Each question of jurisdiction must be decided on a case-by-case basis. *Meachum* v. *Worthen Bank & Trust Co., N.A.*, 13 Ark. App. 229, 232, 682 S.W.2d 763, 765 (1985), *cert. denied*, 474 U.S. 844 (1985).

 In *Meachum* and *Jagitsch* v. *Commander Aviation Corp.*, 9 Ark. App. 159, 655 S.W.2d 468 (1983), we held that, to determine whether a court has *in personam* jurisdiction over a non-resident defendant, a two-part analysis must take place. First, the court must decide whether the appellant's actions satisfy the "transacting business" requirement of Ark. Code Ann. Section 16-4-101 (1987), and, second, whether the exercise of *in personam* jurisdiction is consistent with due process under the Fourteenth Amendment to the United States Constitution. The purpose of the "transacting business" provision of Section 16-4-101 is "to permit the trial court to exercise the maximum personal jurisdiction over non-resident defendants allowable by due process. . . ." *Jagitsch*, 9 Ark. App. at 161, 655 S.W.2d at 470. In making a determination of whether the exercise of *in personam* jurisdiction is consistent with due process, this court has looked at the following factors:

(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience to the parties.

*Meachum*, 13 Ark. App. at 233, 682 S.W.2d at 766; *Jagitsch*, 9 Ark. App. at 163, 655 S.W.2d at 470. *See also Akin* v. *First Nat'l Bank*, 25 Ark. App. 341, 347, 758 S.W.2d 14, 18 (1988), where we stated that "[a] single contract can provide the basis for the exercise of jurisdiction over a non-resident defendant if there is a substantial connection between the contract and the forum state."

In this case, the facts purportedly giving rise to personal jurisdiction are disputed; the parties not only disagree whether

the facts give rise to personal jurisdiction in Arkansas, but whether the facts actually occurred as the appellant has alleged. The appellant argues that the appellee transacted business in this state by contracting to sell equipment and services to customers within this state and by calling on customers with the appellant within this state. The appellee disputes the appellant's assertion that these contacts resulted in sales of the appellee's products and services in Arkansas.

■■ We agree with the appellant that the circuit court erred in dismissing the complaint, because the facts alleged by the appellant, if true, would establish personal jurisdiction over the appellee. Although this case must be reversed and remanded for trial, our decision does not relieve the appellant of his burden of ultimately proving that the appellee had sufficient contacts with this state to establish jurisdiction in Arkansas. In *Hawes Firearm Co.* v. *Roberts*, 263 Ark. 510, 513, 565 S.W.2d 620, 622 (1978), the Arkansas Supreme Court discussed the allocation of this burden: "[i]f the motion [to dismiss] is denied, this does not mean that the plaintiff is relieved from establishing jurisdiction; it merely means that at this point in the proceedings a prima facie case of jurisdiction sufficient to take the cause to trial has been made."

Reversed and remanded.

CORBIN, C.J., and MAYFIELD, J., agree.