**Elbert A. YATES, Plaintiff,**

v.

**Jeff TURZIN d/b/a Canvas Products of Dothan, Alabama and the Astrup Company, Defendants.**

**Civ. A. No. S90–0123(P).**

United States District Court, S.D. Mississippi, S.D.

Feb. 15, 1991.

---

James K. Wetzel, Gulfport, Miss., for plaintiff.

James M. Compton, Biloxi, Miss., for defendant Jeff Turzin.

William L. McDonough, Jr., Gulfport, Miss., for defendant The Astrup Co.

No appearance, for Rubatex Polymer, Inc.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This cause is presently before the Court on the Motion to Dismiss of Defendant The Astrup Company. Having reviewed the record in this cause, including the respective briefs and authorities cited by each party, the Court finds as follows:

### I.

### FACTUAL BACKGROUND

This is a products liability action related to a certain rubber strap. Plaintiff Elbert A. Yates ("Yates"), is a resident of Harrison County, Mississippi. Defendant Jeff Turzin d/b/a Canvas Products of Dothan, Alabama ("Turzin"), is resident of the State of Alabama. Defendant The Astrup Company ("Astrup"), is an Ohio corporation with its principal place of business located at Cleveland, Ohio.

The Amended Complaint filed in this action alleges that Yates, a truck driver employed by M & S Transportation, Inc. of Petal, Mississippi, was injured when a rubber strap broke as he was attempting to attach it to a tarp to secure a load he was to transport from Tulsa, Oklahoma. The alleged accident occurred on May 27, 1988, in Tulsa, Oklahoma. The Complaint further alleges that Yates' employer, M & S Transportation, purchased the rubber strap from Turzin. Yates contends that the strap was defective and he sues Turzin as the seller and Astrup as the alleged manufacturer of the rubber strap.

Yates brings this action on several legal theories. Turzin and Astrup are sued under theories of negligence, gross negligence, strict liability in tort and breach of warranty. The jurisdiction of this Court is premised solely upon diversity of citizenship.

Astrup filed its Motion to Dismiss for lack of *in personam* jurisdiction, contending that its contacts with the State of Mississippi are insufficient to support this Court's exercise of *in personam* jurisdiction. In connection with Astrup's motion, the Court notes that Yates has not rebutted Astrup's assertion that it did not manufacture the strap in question and that Astrup was not qualified to do business in the State of Mississippi at the time of Yates' accident or at any time since.

### II.

### CONCLUSIONS OF LAW

Astrup argues that it is not subject to this Court's *in personam* jurisdiction under either the Mississippi long-arm statute, Miss.Code Ann., Section 13-3-57 (Cum. Supp.1990), or the fourteenth amendment due process clause. The Mississippi statute provides in part:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service

in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi ... [as the agent] of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued from or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their or its agent, servant or employee.

■ The due process clause requires that a nonresident defendant have sufficient "minimum contacts" with the forum state that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

As the Fifth Circuit has recently stated: When a challenge is made to the court's in personam jurisdiction, the plaintiff has the burden of making a prima facie case by alleging facts in the complaint and affidavits sufficient to establish jurisdiction over the non-resident defendants.

*Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 917 (5th Cir.1987). Any factual disputes in the pleadings are to be resolved in favor of the plaintiff. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985). In response to Astrup's motion to dismiss, Yates contends that certain facts satisfy the required showing of *in personam* jurisdiction over Astrup: (1) Astrup committed a tort "in part" in the State of Mississippi; (2) Astrup is doing business in Mississippi by having placed its product in the stream of commerce throughout the United States; and, (3) Astrup had sufficient minimum contacts with the State of Mississippi to justify the exercise of personal jurisdiction over Astrup.

■ In evaluating Yates' contentions, the Court applies a two-step process implied from consideration of the long-arm statute and the due process clause: "First,

the law of the forum state must provide for the assertion of such jurisdiction; and second, the exercise of jurisdiction under state law must comport with the dictates of the fourteenth amendment due process clause." *Smith v. DeWalt Products Corp.*, 743 F.2d 277, 278 (5th Cir.1984). To satisfy the first step of this test, long-arm jurisdiction over the non-resident defendant, the Plaintiff must establish that Astrup made a contract with a resident of Mississippi or intended its contract to be performed in Mississippi, that the non-resident defendant committed a tort in whole or in part in Mississippi, or that the non-resident was "doing business" in the State of Mississippi. *See Johnson v. Warnaco, Inc.*, 426 F.Supp. 44, 47 (S.D.Miss.1976).

None of Yates' contentions establish that Astrup made a contract with a resident of Mississippi or a contract to be performed in Mississippi. The Court concludes as a matter of law that Astrup did not make any contract with a Mississippi resident or to be performed in Mississippi. This leads next to the question of whether Astrup committed a tort in whole or in part in the State of Mississippi.

■ Yates predicates his tort theory for long-arm jurisdiction over Astrup on the contention that part of the tort occurred in the State of Mississippi. Yates explains that since he received the box containing the allegedly defective rubber straps from his employer in the State of Mississippi, part of the tort occurred in Mississippi. However, the Court notes that Yates did not attempt to use the strap until he reached Oklahoma and that his injury did not occur until he reached Oklahoma. Thus, the Court is of the opinion that no tort actually occurred in Mississippi. In this regard, the Court notes that Astrup had no part whatsoever in the delivery or the direct sale of the rubber strap which allegedly caused Yates' injury. Rather, Astrup merely sold the straps to Turzin in Alabama, who in turn apparently sold them to M & S Transportation. None of Astrup's actions were directed towards Mississippi and none of its alleged acts took place within the State of Mississippi.

Yates also bases his tort theory for jurisdiction over Astrup on the contention that Astrup is strictly liable in tort under the Restatement (Second) of Torts, Section 402–A. The Mississippi Supreme Court has adopted Section 402–A, which imposes liability upon a seller engaged in the business of selling a product, placed in the stream of commerce in a defective condition unreasonably dangerous and which causes injury to a user of the product even where the seller was not negligent in placing the product on the market. *Falstaff Brewing Corp. v. Williams*, 234 So.2d 620, 623 (Miss.1970). Under Mississippi law, a seller of a defective product may not be held liable for strict products liability where he is not in the business of selling the product. *Alley v. Praschak Machine Co.*, 366 So.2d 661, 666 (Miss.1979). In the case at bar, Astrup is incorrect in asserting that since it did not manufacture the strap it cannot be held liable. As noted, Mississippi law permits a plaintiff to hold both the manufacturer and a secondary seller of a defective product strictly liable. The Court finds that Astrup was sufficiently engaged in the business of selling rubber straps to be considered a "seller" under Section 402–A. However, the Court is of the opinion that since none of Astrup's sales activity or solicitations took place in Mississippi or were directed towards Mississippi, there is insufficient basis to subject Astrup to long-arm jurisdiction on Yates' tort theory.

Finding no basis for jurisdiction under the "tort prong" of Mississippi's long-arm statute, the Court next moves to the "doing business" portion of the statute. In this vein, the Court must carefully consider whether the sale of straps to Turzin, who then sold them to Yates' employer, may be said to constitute sufficient action within this forum to justify the exercise of personal jurisdiction over Astrup. Suffice it to say that Yates' "doing business" argument presents a closer legal question with regard to whether the alleged conduct of Astrup in placing the straps into the stream of commerce supports a finding that Astrup was "doing business" in the State of Mississippi. Nevertheless, the Court finds that Yates' stream of commerce argument does not support a finding that Astrup was in fact "doing business" in Mississippi.

The Fifth Circuit has ruled that, under the "doing business" prong of Mississippi's long-arm statute, the Court must find that the non-resident defendant's contacts with this state were systematic and continuous in order to support the exercise of personal jurisdiction over the non-resident. *Thompson v. Chrysler Motors*, 755 F.2d at 1170. The Fifth Circuit recently reiterated its holding that systematic and continuous contact is necessary:

> When the cause of action does not arise from or relate to the foreign corporation's purposeful conduct within the forum state, due process requires that there be continuous and systematic contacts between the State and the foreign corporation to support the exercise of "general" personal jurisdiction by that forum.

*Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir.1987). Yates has failed to make any showing of systematic and continuous contact between the State of Mississippi and Astrup. Therefore, the Court finds that there is insufficient basis for the assertion of personal jurisdiction over Astrup under the "doing business" language of Mississippi's long-arm statute in this case. In short, the Court finds that Yates has not made a prima facie case for long-arm jurisdiction over Astrup.

Even assuming that Yates has made the requisite showing of long-arm jurisdiction, the Court still must look to the due process clause, because the plaintiff bears the "additional burden of establishing that the court's exercise of personal jurisdiction not only is sanctioned by the state long-arm statute but also comports with due process." *Sorrels Steel Co., Inc. v. Great Southwest Corp.*, 651 F.Supp. 623, 626 (S.D.Miss.1986). The Court's due process analysis is in itself a bifurcated test: (1) the non-resident defendant must have certain minimum contacts with the forum state; and, (2) subjecting the non-resident defendant to the jurisdiction of the forum

must be consistent with traditional notions of fair play and substantial justice. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Yates does not assert that Astrup had any *actual* contacts with the State of Mississippi. In fact, it appears undisputed that Astrup never solicited nor conducted any business in Mississippi and was never qualified to do business in Mississippi. Yates argues that Astrup's contacts with this state are established by the foreseeability that injury might result from the straps which it delivered into the stream of commerce.

The Court is of the opinion that this foreseeability argument, standing alone, is not a sufficient basis for fulfilling the "minimum contacts" requirements of due process. *See Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9 (1st Cir.1986). The mere fortuitous possibility that the strap Astrup sold to Turzin *might* reach Yates in Mississippi does not suggest that Astrup "purposefully [availed] [itself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Moreover, Yates' argument is contrary to the United States Supreme Court's recent ruling that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Ind. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

The foreseeability argument advanced by Yates leads the Court to the conclusion that Astrup's "contacts with the jurisdiction were fortuitous, not deliberate [and] *de minimis*, not substantial, [so that] they do not give rise to personal jurisdiction in [this] forum." *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir.1982). The activity which resulted in the strap coming into the State of Mississippi was not "purposeful and affirmative action" on the part of Astrup which had the effect of causing "business activity, foreseeable by the defendant, in the forum state." *See Marathon Metallic Building Company v. Mountain Empire Construction Company*, 653 F.2d 921, 923 (5th Cir.1981).

A rubber strap such as the type involved here is, in the opinion of the Court, no less mobile than the automobile involved in the *World–Wide Volkswagen* case. Nevertheless, as the Supreme Court held in *World–Wide Volkswagen*, the seller of a chattel does not in effect appoint that chattel as its agent for service of process so that his amenability to suit would travel with the chattel wherever it would fortuitously find its rest. *Id.* 444 U.S. at 296, 100 S.Ct. at 566. More importantly, foreseeability that a product might make its way into the forum state, without some further evidence of minimum contacts between the defendant and the forum, is not an adequate basis for subjecting a nonresident defendant to the personal jurisdiction of the forum state. *Id.* Given Astrup's *de minimis* and fortuitous contacts with this forum, the Court finds that subjecting Astrup to this Court's jurisdiction would violate traditional notions of "fair play and substantial justice." *International Shoe Co., supra*, 326 U.S. at 316, 66 S.Ct. at 158. Yates is certainly at liberty, should he choose to do so, to pursue his claim against Astrup in an appropriate forum such as Ohio, where Astrup is amenable to *in personam* jurisdiction.

For the reasons set forth above, it is hereby

ORDERED AND ADJUDGED that Astrup's Motion to Dismiss is hereby sustained and that Astrup is dismissed from this action without prejudice.

SO ORDERED AND ADJUDGED.