Ken MORAN and Rita S. Moran *v.* BOMBARDIER
CREDIT, INC.

CA 92-233                                839 S.W.2d 538

Court of Appeals of Arkansas
Division I
Opinion delivered October 21, 1992

*Baxter, Wallace, Jensen & McCallister*, by: *Terence C. Jensen* and *Bobby D. McCallister*, for appellants.

*Rose Law Firm*, by: *Charles W. Baker*, and *Brian Rosenthal*, for appellee.

JUDITH ROGERS, Judge. Ken and Rita Moran, Louisiana residents, appeal from an order of the circuit court of Garland County that denied their motion to dismiss for lack of personal jurisdiction an action brought by appellee, Bombardier Capital,

Inc. (formerly Bombardier Credit, Inc.), a Massachusetts corporation with its principal place of business in Vermont.

The facts in this case are not disputed. In January 1986, Taylor's Marine, Inc., of Garland County, by its officers, Kevin and Lori Taylor, entered into a financing agreement with appellee. A provision directed that any disputes regarding the agreement would be governed by the laws of New York State. In 1987, to "induce [appellee] to extend credit to [Taylor's Marine, Inc.,]" appellants signed a guaranty for up to $50,000.00 in loans. Subsequently, appellee provided the additional financing. When Taylor's Marine defaulted on the loan, appellee brought this action in Garland County to secure payment from appellants. Appellants alleged the court lacked *in personam* jurisdiction and moved to dismiss the complaint.

In his letter opinion, the trial judge addressed the jurisdictional issue as follows:

> The Defendants' guaranty of the Arkansas debt is substantial. It would appear that no stronger contact could be imagined than Plaintiff would refuse an extension of credit "but for" Defendants' guaranty [this is true, whether Defendants physically entered the State and signed, mailed or "faxed" the guaranty]. Accordingly the Court finds that there is personal jurisdiction.

Subsequently, the court granted appellee's motion for summary judgment and awarded appellee $50,000.00.

On appeal, appellants contend that the trial court erred in exercising *in personam* jurisdiction over them. We agree and reverse the trial court's decision.

■ To determine whether a court has *in personam* jurisdiction over a nonresident defendant, we must undertake a two-part analysis. First, we must consider whether the nonresident defendant's actions satisfy the requirements of the Arkansas long-arm statute. Second, we consider whether the exercise of personal jurisdiction is consistent with due process. *Szalay* v. *Handcock*, 307 Ark. 232, 235, 819 S.W.2d 684, 685 (1991); *Capps* v. *Roll Service, Inc.*, 31 Ark. App. 48, 53, 787 S.W.2d 694, 697 (1990).

■ The Arkansas long-arm statute states what is required

for Arkansas to exercise jurisdiction with respect to the transaction of business by a nonresident defendant:

> 1. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's:

> (a) Transacting any business in this state.

Ark. Code Ann. § 16-4-101(C)(1) (1987). The supreme court has stated that the purpose of the "transacting business" provision is to permit Arkansas courts to exercise the maximum *in personam* jurisdiction allowable by due process. *Szalay* v. *Handcock*, 307 Ark. at 236, 819 S.W.2d at 686; *CDI Contractors, Inc.* v. *Goff Steel Erectors, Inc.*, 301 Ark. 311, 312, 783 S.W.2d 846 (1990).

■ Any decision whether or not to exercise judicial jurisdiction over a transaction must also address the due process requirements embodied in *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945). Under *International Shoe, supra*, and its progeny, the well-recognized test is whether such "minimum contacts" exist between the nonresident defendant and the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Id.* at 316 (quoting *Milliken* v. *Meyer*, 311 U.S. 457, 463 (1940)).

■ This court has considered the following factors in deciding whether or not a nonresident's contacts with the forum state were sufficient to impose jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Capps* v. *Roll Service, Inc.*, 31 Ark. App. at 53, 787 S.W.2d at 697; *Jagitsch* v. *Commander Aviation Corp.*, 9 Ark. App. 159, 163, 655 S.W.2d 468, 470 (1983). Whether the "minimum contacts" requirement has been satisfied is a question of fact, *Jagitsch* v. *Commander Aviation Coro.*, 9 Ark. App. at 163, 655 S.W.2d at 470, and each question of jurisdiction must be decided on a case-by-case basis. *Capps* v. *Roll Service, Inc.*, 31 Ark. App. at 53, 787 S.W.2d at 697.

The United States Supreme Court held in *McGee* v. *International Life Insurance co.*, 355 U.S. 220 (1957), that for purposes

of due process, a single contract could provide the basis for the exercise of jurisdiction over a nonresident defendant if the contract had "substantial connection with [the forum] State." *Id.* at 223. This court previously has exercised *in personam* jurisdiction in cases involving a single contract such as a guaranty agreement; however, the facts in these cases are distinguishable from the case at bar.

In *Meachum* v. *Worthen Bank & Trust Co., N.A.*, 13 Ark. App. 229, 682 S.W.2d 763 (1985), *cert. denied*, 474 U.S. 844 (1985), a resident of Texas challenged an Arkansas court's exercise of jurisdiction. In affirming the trial court's exercise of jurisdiction, we held that although the appellant's contacts with Arkansas were few, they were substantial in nature and quality, stating:

> Knowing that the appellee would require his individual guaranty, the appellant sent his financial statement to the appellee in Arkansas and then signed the guaranty agreement which was contained in the lease of personal property between two Arkansas corporations, and admits that he knew the lease would be sent to the appellee in Arkansas, that the property was in Arkansas, and that the payments would be made in Arkansas. . . .

> . . . . The cause of action is directly related to the appellant's signing as guarantor of an Arkansas contract, and then failing to carry out his promise to guarantee; the Arkansas courts are obviously interested in providing a forum for Arkansas citizens to resolve disputes over contracts executed in Arkansas; and considering the fact that most of the parties were residents of this state, we think the convenience of the parties was best served by the hearing of the case in Arkansas.

13 Ark. App. at 233-34, 682 S.W.2d at 766. We also noted that the appellant was extensively involved with the debtor company as director, officer, and general counsel and that the company was directly responsible for the formation of the Arkansas lessee corporation. *Id.* at 232, 682 S.W.2d at 765.

We also found jurisdiction over a Texas resident in *Akin* v. *First National Bank*, 25 Ark. App. 341, 758 S.W.2d 14 (1988).

In that case, the court found evidence that the appellant had delivered a signed loan application, a financial statement, and a personal guaranty to a bank in Conway to induce the bank to loan money to an Arkansas resident for the purpose of buying land in Arkansas. The evidence at trial indicated the appellant's intention to go into business on that property and, subsequently, he took deed to it. We concluded that the evidence, taken as a whole, provided support for the theory that the Arkansas resident was acting as a "front" for the appellant. *Id.* at 347, 758 S.W.2d at 18.

However, in *CDI Contractors, Inc.* v. *Goff Steel Erectors, Inc.*, 301 Ark. 311, 783 S.W.2d 846 (1990), the supreme court held a single contract was insufficient to confer jurisdiction. There, an Arkansas corporation, acting as general contractor for a Mississippi project, subcontracted with a foreign corporation. Although the subcontractor submitted his bid by telephone to the Arkansas contractor, the contract was formalized in Mississippi and mailed to the contractor's Arkansas business address. The contract provided for payment requests to be mailed to Arkansas, but it contained no provision concerning jurisdiction or applicable law for dispute resolution. Based on these facts, the supreme court held that the foreign corporation's telephone and mail transactions did not, standing alone, satisfy the minimum contacts required by due process to confer jurisdiction on the Arkansas court. *Id.* at 314, 783 S.W.2d at 847.

In the case at bar, both appellants and appellee argue that the holding in *Arkansas Rice Growers Cooperative Association* v. *Alchemy Industries, Inc.*, 797 F.2d 565 (8th Cir. 1986), supports their position in this appeal. In that case, the Eighth Circuit Court on appeal reversed the finding of liability against the individual defendants for lack of personal jurisdiction. Alchemy Industries, Inc. (Alchemy) and Arkansas Rice Growers Cooperative Association, d/b/a Riceland Foods (Riceland), had entered into a contract for the construction of a factory in Stuttgart. Alchemy was required to provide financial assurances either in the form of personal guaranties or in the form of a line of credit from a bank. Several California residents executed personal guaranties to a California bank, which then issued a letter to Riceland guaranteeing Alchemy's performance of the contract. Although the Eighth Circuit Court assumed for argument that the guaranties ran in favor of both the bank and Riceland, it held

that the mere fact that the individual defendants guaranteed an obligation to the Arkansas corporation did not subject the guarantors to jurisdiction in Arkansas. 797 F.2d at 573, citing *Arkansas Poultry Cooperative Inc. v. Red Barn System, Inc.*, 468 F.2d 538, 540-41 (8th Cir. 1972).

Appellee here argues that, although the Eighth Circuit found there were insufficient contacts to sustain jurisdiction, its opinion implies that it would have found jurisdiction if there had been additional facts, including evidence that the beneficiaries of the guaranties would not have entered into the transaction without the guaranties of specific individuals. The Eighth Circuit stated:

> In concluding that the assertion of jurisdiction over the guarantors would not offend due process, the district court also relied on the fact that Alchemy had provided Riceland with the financial statements of the prospective guarantors in August 1972 and that Riceland entered into the construction and marketing contracts with Alchemy in reliance on this information. The evidence shows, however, that the financial statements Riceland received in August 1972 were those of the Structural partners. Riceland thus had the financial statements of only nine of the eventual twenty-two guarantors when it entered into the construction and marketing contracts. Furthermore, not until April 1973, after Riceland had executed the contracts, did Riceland receive a list of the prospective guarantors.

> Under these circumstances, we hold that there are insufficient contacts between the guarantors and Arkansas to subject the guarantors to the jurisdiction of the Arkansas courts. The mere fact that the individual defendants guaranteed an obligation to an Arkansas corporation does not subject the guarantors to jurisdiction in Arkansas. *See Arkansas Poultry Cooperative, Inc. v. Red Barn System, Inc.*, 468 F.2d 538, 540-41 (8th Cir. 1972). . . . It is true that the guarantors stood to profit if the construction contract, the performance of which they guaranteed, was successful. This has been, in part, the basis for finding that the assertion of jurisdiction over nonresident guarantors comports with due process in some cases. *See, e.g., Na-*

*tional Can Corp.* v. *K. Beverage Co.,* 674 F.2d 1134, 1137 (6th Cir. 1982); *Marathon Metallic Building Co.* v. *Mountain Empire Construction Co.,* 653 F.2d 921, 923 (5th Cir. 1981) (per curiam). In these cases, however, there has been substantive identity of the guarantors and the corporation whose obligation they guarantee, *National Can,* 674 F.2d at 1138, evidence that the beneficiary of the guarantee contract would not have entered into the transaction without the guarantees of specific individuals, *id.,* or a provision in the guarantee contract or the underlying contract stating that the law of the forum state would control, *Marathon Metallic,* 653 F.2d at 923. We have found no case in which a court has asserted jurisdiction over a nonresident guarantor merely because the guarantor is a passive investor in the corporation whose debt the guarantor assures.

797 F.2d at 573-74. Appellee concludes that, because there is evidence in the case at bar that appellee relied upon appellants' guaranties in extending credit to Taylor Marine, its reliance is sufficient to establish jurisdiction. The trial court here apparently accepted appellee's interpretation of the Eighth Circuit Court's opinion; however, we do not agree that it supports a finding of jurisdiction in the case at bar.

In applying the long-arm statute and due process requirements to the facts in the case at bar, we find insufficient contacts to sustain personal jurisdiction over appellants. Appellants' single act has been to guarantee a debt between an Arkansas company and a nonresident corporation. There is no evidence that appellants interjected themselves into the contractual negotiations or that appellants had a close identity with or an economic interest in the Arkansas company. The record is devoid of evidence of even mail or telephone transactions to bring appellants within this state's jurisdiction. Neither appellants nor appellee are residents of Arkansas. Although a plaintiff is not required to have minimum contacts with the forum state, the plaintiff's residence is not completely irrelevant to the jurisdictional inquiry, as plaintiff's residence may be the focus of the activities of the defendant out of which the suit arises, *Keeton* v. *Hustler Magazine, Inc.,* 465 U.S. 770, 780 (1983). In addition, the plaintiff's residence is relevant to the court's consideration of

the interest of the forum state in providing a forum and the convenience of the parties. A provision in the underlying contract in the case at bar directed that any disputes regarding the agreement would be governed by the laws of New York State. Although this has not been presented as a choice of forum case, we recognize that we have enforced such clauses that are fair and reasonable and meet the due process test for the exercise of judicial jurisdiction. *See Nelms* v. *Morgan Portable Building Corp.*, 305 Ark. 284, 808 S.W.2d 314 (1991). Finally, we cannot say that the appellants' conduct and connection with the forum state is such that they should reasonably have anticipated being "haled into court" in Arkansas. *See World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286, 297 (1980). We reverse the judgment against appellants for lack of personal jurisdiction.

Reversed.

JENNINGS and DANIELSON, JJ., agree.