James M. GLENN, III *v.* STUDENT LOAN GUARANTEE FOUNDATION of Arkansas

CA 95-552                                             920 S.W.2d 500

Court of Appeals of Arkansas
Division I
Opinion delivered April 24, 1996
[Petition for rehearing denied May 29, 1996.]

*Davidson, Horne & Hollingsworth,* by: *Cyril Hollingsworth* and *William S. Roach,* for appellant.

*Connie M. Meskimen,* for appellee.

JAMES R. COOPER, Judge. The appellee, Student Loan Guarantee Foundation of Arkansas, filed suit against the appellant in the Circuit Court of Pulaski County, Arkansas, seeking to collect on student loan notes which were alleged to be in default. The appellant, a Tennessee resident, was served with a copy of the summons and complaint in Tennessee. The appellant filed a "special appearance" and moved to dismiss for lack of personal jurisdiction. The trial court subsequently entered a default judgment for the appellee. The appellant filed a motion to set aside the default judgment, again asserting lack of personal jurisdiction. The trial court denied the appellant's motion to set aside the default judgment on January 30, 1995. From that decision, comes this appeal.

For reversal, the appellant contends that the default judgment is void because the trial court lacked personal jurisdiction over the appellant. We agree, and we reverse and dismiss.

Jurisdiction in the case at bar is premised on Ark. Code Ann. § 16-4-101(C)(1) (Repl. 1994), which provides that a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's transacting any business in this state. Our Supreme Court has stated

that the purpose of the "transacting business" provision of Ark. Code Ann. § 16-4-101(C)(1) is to permit Arkansas courts to exercise the maximum *in personam* jurisdiction allowable by due process. *Szalay* v. *Handcock*, 307 Ark. 232, 819 S.W.2d 684 (1991). Consequently, the question in the case at bar is whether the exercise of personal jurisdiction over the appellant comports with due process.

Under *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945), due process is satisfied where there exist such minimum contacts between the nonresident defendant and the forum state that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. In determining whether a nonresident's contacts with the forum state were sufficient to impose jurisdiction, we have considered (1) the nature and quality of the contacts with the forum state, (2) the quantity of the contacts with the forum state, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *Moran* v. *Bombardier Credit, Inc.*, 39 Ark. App. 122, 839 S.W.2d 538 (1992).

In the case at bar, the appellant filed with the trial court an affidavit stating that he was a Tennessee resident, that he never resided or engaged in business in Arkansas; that he signed the notes at issue in Tennessee; and that his children, for whose benefit the notes were executed, went to school in Tennessee. The appellee's assertion that the appellant transacted business in Arkansas is premised solely on two facts: (1) that the guaranteed student loan was made by an Arkansas bank, and (2) that the guarantor was an Arkansas corporation.

Although a single contract can provide the basis for the exercise of jurisdiction over a nonresident defendant if there is a substantial connection between the contract and the forum state, *CDI Contractors, Inc.* v. *Goff Steel Erectors, Inc.*, 301 Ark. 311, 783 S.W.2d 846 (1990), we think that the connection in the present case is too tenuous to support a finding of personal jurisdiction. As was the case in *CDI Contractors, supra*, the contract in the case at bar was signed by the appellant outside of Arkansas and provided only that payments be mailed to Arkansas. However, it has been held that the use of arteries of interstate mail and banking facilities, standing alone, is insufficient to satisfy due process in asserting long-arm jurisdiction over a nonresident. *CDI Contractors, supra*; *Mountaire Feeds, Inc.* v. *Argo Impex*, 677 F.2d 651 (8th Cir. 1982). Insofar as the

connection to Arkansas in the present case is premised solely upon the use of interstate mail and banking facilities, we hold that the trial court lacked personal jurisdiction over the appellant.

Reversed and dismissed.

ROBBINS and STROUD, JJ., agree.