## Clarence ROBERTS *v.* Christine BENDOS

CA 07-903                                          285 S.W.3d 687

Court of Appeals of Arkansas
Opinion delivered June 4, 2008

[Rehearing denied August 20, 2008.]

*David A. Hodges*, for appellant.

*Jensen Young & Houston, PLLC*, by: *Perry Y. Young*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. This is an appeal from dismissal of a lawsuit alleging that appellee, a resident of Virginia, entered into a contract with appellant, an Arkansas resident, for appellant to pursue a wrongful-death action in Arkansas on appellee's behalf by acting as special administrator of a lawsuit for the wrongful death of appellee's sister. It was also alleged that, in return for acting in this capacity, appellee agreed to pay appellant fifty percent of the monies that appellee would receive from the lawsuit; that a settlement in excess of one million dollars was reached through appellant's efforts; and that appellee was in breach of that contract by failing to compensate appellant as promised in the parties' contract. On appellee's motion, the trial court dismissed appellant's suit on the grounds that Arkansas lacked personal jurisdiction over appellee. Appellant contends that this was error. We agree, and we reverse.

Pursuant to Ark. Code Ann. § 16-4-101(B) (Repl. 1999), Arkansas courts have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The United States Supreme Court has established a two-pronged test to determine whether state courts may maintain personal jurisdiction over a nonresident person under the Due Process Clause. The party must first show that the nonresident has had sufficient "minimum contacts" with this state and, second, must show that the court's exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A finding of personal jurisdiction must be based on some act by which the defendant purposefully avails himself or herself of the privilege of conducting business in the forum state. *Hanson v. Denckla*, 357 U.S. 235 (1957), and the contacts should be such as would cause a defendant to have a reasonable anticipation that he or she would be haled into court in that state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). We have considered the following factors in deciding whether or not a nonresident's contacts with the forum state were sufficient to impose jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Moran v. Bombardier Credit, Inc.*, 39 Ark. App. 122, 839 S.W.2d 538 (1992). Whether the "minimum contacts" requirement has been satisfied is a question of fact, and each question of jurisdiction must be decided on a case-by-case basis. *Id.*

We hold without hesitation that the trial court did in fact have personal jurisdiction over appellee in the case at bar. It was alleged that appellee had visited her sister several times in Arkansas and that, during one such visit, she arranged for appellant to help care for her sister. As the sister's health deteriorated, she was placed in various Arkansas nursing homes, one of which ultimately being the defendant in the wrongful-death lawsuit. Although the lawsuit was brought in the name of the sister's estate, appellee was her sister's sole heir-at-law, and the proceeds of the wrongful-death lawsuit were the sole asset of the estate. This asset was obtained through the efforts of appellant, pursuant to an agreement with appellee that was performed in Arkansas, by terms

of which appellant investigated and pursued the wrongful-death lawsuit as special administrator, an office to which he acceded pursuant to the agreement and to which he was appointed by the Circuit Court of Saline County, Arkansas. Thus, the contract required appellant to participate in the express invocation of the jurisdiction of the Arkansas courts to procure the only asset of the estate of appellee's sister, to be administered and distributed by an Arkansas court in a probate proceeding in which appellee participated by voluntarily entering an appearance. The requisite minimum contacts exist because appellee has purposefully availed herself of the process and protection of the Arkansas courts to procure a large sum of money, and should have reasonably anticipated being required to appear in an Arkansas court if a dispute arose regarding an agreement, performed in Arkansas, that was an integral part in her procurement of that money. Requiring her to so appear in this case manifestly does not offend notions of fair play and substantial justice, and we hold that the trial court erred in dismissing appellant's lawsuit. *See Payne v. France*, 373 Ark. 175, 282 S.W.3d 760 (2008).

Reversed and remanded for further consistent proceedings.

BIRD and VAUGHT, JJ., agree.